## 11108

### SIMMONS *ET AL.* v. PENDER

#### (117 S. E., 731)

APPEAL AND ERROR—APPELLANT HAS BURDEN OF SHOWING ERROR.—It is
incumbent on appellant to show that the decree of the lower court
is against the weight of the evidence.

Before DeVore, J., Allendale, June, 1922. Affirmed.

Action by Serena Simmons in her own right and as administratrix, etc., and others against L. S. Pender. Judgment for defendant and plaintiffs appeal.

. The decree of Circuit Judge DeVore, referred to in the majority opinion, follows:

This is an action by the plaintiffs for an accounting, etc. against the defendant, and the substance of the complaint is that on the 29th day of March, 1894, letters of administration were granted the defendant of the estate of L. S. Bryant, who died on the 4th of March, 1894; that said defendant came into possession of personal property amounting to over $20,000 belonging to the estate of Bryant; that the said defendant has never been discharged as administrator, and has never accounted to the plaintiffs for their interest in the estate of L. S. Bryant; and they ask judgment against defendant for upwards of $50,000.

I may state that the complaint alleges the defendant got $20,000 from bank or banks in Savannah, Ga., deposited there in the name of L. S. Bryant. The answer denies the material allegations of the complaint, and sets up the Statute of Limitations.

The testimony was taken before a referee, and on the 24th day of February, 1922, the attorneys in the case came before me for a hearing, and when it appeared that it was possible to get more testimony from Savannah that would enable me to pass more intelligently upon the main issue. I continued the hearing, and passed an order allowing either

party to take testimony in Savannah. This testimony has been taken and is now before me.

In order to establish the allegations of the complaint that the defendant got $20,000 from Bryant's estate the plaintiff introduces testimony of the defendant in another case or proceeding where he swore that he did get the money from a bank in Savannah belonging to his intestate. In the present case he swears he did not get this money, and that his intestate did not leave any. Under these two sworn statements I would have had to guess as to which was true. The testimony from Savannah, according to my construction, brands the sworn statement of the defendant in the former trial or proceeding as false, and corroborates the sworn statement in this trial as true. I am therefore forced to the conclusion that he got no money from his intestate's estate in Savannah. The plaintiffs' attorneys contend that at the taking of the testimony in Savannah there were many records and books, etc., that defendant did not examine or inspect, or introduce, which may or might have shown the money to have been there. This contention cannot be supported, because the plaintiffs' attorney had access to the books, records, etc., just as the defendant's attorney did, and it was as much the plaintiffs' duty to see after this testimony as defendant's, as the *onus* was on the plaintiffs to prove the allegations of the complaint.

The defendant, however, in this case, swears he got $600 from L. S. Bryant's estate for rent, got it from the time he died up to the time Gray went to the hospital; and he swears he got several hundred dollars from the sale of personal property. He swears he paid some debts of intestate, but does not even make an estimate for what he paid out. No vouchers for same appeared.

He swears he paid the burial expenses, but makes no estimate of this. No vouchers appeared. No appraisement was ever made; in fact according to the testimony before me, he did not perform any duties imposed upon him as

administrator, and under his sworn statements in this case, and his failure to perform any duties which the law imposed upon him, he should be charged with $600, which he says he got as rent, and at least $100 of the several hundred he swears he got from the sale of personal property. This makes the sum of $700. One-sixth should be deducted for his distributive share in the estate, which leaves $583.34. For his conduct in the management of the estate as administrator he should forfeit all of his commission as such. He should be charged with interest on $583.34 at 7 per cent. from the 29th day of March, 1895, one year after letters of administration were granted, up to the present time which amounts to, including principal, the sum of $1,693.78 which sum plaintiffs should have judgment for against defendant.

It is therefore ordered and adjudged that the plaintiffs have judgment against the defendant for $1,693.78, together with the costs of this suit.

*Messrs. J. E. Tobin and Holman & Boulware,* for appellants, cite: *Admissions against interest binding:* 3 Strob., 367; 230 Pa., 359; 18 Cyc., 1180; 76 S. E., 617. Statute *of Limitations no bar:* 77 S. C., 514. *No estoppel by proceedings in Probate Court to which they were not parties:* 1 Hill Eq., 25; 26 S. C., 240; 7 Rich. Eq. 34. *No presumption of payment:* 36 S. C., 332; 38 S. C., 361; 41 S. C., 534; 42 S. C., 43.

*Messrs. Harley & Blatt* and *R. P. Searson,* for respondent, cite: *Findings of fact in equity case can only be reversed where preponderance of evidence is against them:* 116 S. C., 97; 55 S. C., 198; 51 S. C., 363; 45 S. C., 503; 47 S. C., 347. *Statements in another proceeding inadmissible where party in court:* 1 N. & McC., 409; 10 R. C. L. 967, 970, 977; O. S. E., 471; 38 A. S. R., 626; 4 Rich., 181; 22 S. C., 428; 84 S. C., 188; 101 S. C., 283; A. S. R. 197.

January 18, 1923.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from a decree of his Honor, Judge DeVore, in the above case. The decree will be reported for a proper understanding of the case.

The appellants by five exceptions allege error. This Court has repeatedly held that it is incumbent on the appellant to show that the circuit decree is against the weight of the evidence. In the instant case the appellants have failed to do this, and all exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES MARION and FRASER concur.

MR. CHIEF JUSTICE GARY did not sit.

MR. JUSTICE COTHRAN, (dissenting) : This Court, in my opinion, should adopt what is known as the Tennessee rule : That upon grounds of public policy a party who states facts under oath during the course of a trial is estopped to deny such facts in a subsequent suit to which he is a party. 21 C. J., 1236. In the case at bar the defendant escapes liability to account for assets of the Bryant estate which in an accounting as administrator of the Gray estate, he testified he received as assets of the Bryant estate, and thereby escaped accountability to the Gray state. His solemn admission should not be discarded by the ignominious declaration of his perjury in the first proceeding (37 L. R. A. [N. S.]; 429 note), and that is all he offered.